## Zercher, etc., v. St. Clair et ux.

*William Kahanowitz*, for plaintiffs.

*Smith, Best & Horn*, and *Paul M. Robinson*, for defendants.

LAIRD, J., May 3, 1940.—This matter comes before the court by reason of a motion filed under the new Rules of Civil Procedure on behalf of Pennsylvania Greyhound Lines, a corporation, attacking the order of court directing the joinder of the said Pennsylvania Greyhound Lines as an additional defendant and moving its dismissal as an additional defendant. The facts are as follows:

A suit was instituted in this court by the above-named plaintiffs against the above-named defendants at this number and term. A statement of claim, asserting the cause of action in trespass which arose by reason of injuries sustained by the minor plaintiff, Mary W. Zercher,

on August 14, 1938, while she was at the time riding as a guest passenger in the automobile of defendant Bess W. St. Clair and operated by defendant Walter St. Clair, has been filed.

Sometime after the suit was instituted and within the period prescribed by the Rules of Civil Procedure, defendants on January 16, 1940, filed a petition praying that the court issue an order to bring in as additional defendants Pennsylvania Greyhound Lines and one Frank A. Reese. In response to the prayer of the said petition, the court made the following order:

"And now, to wit, this 16th day of January 1940, the petition of Bess W. St. Clair and W. F. St. Clair to join as additional defendants Frank A. Reese and Pennsylvania Greyhound Lines, a corporation, in the above-entitled action, is granted, and the said Frank A. Reese and Pennsylvania Greyhound Lines, a corporation, are hereby joined as additional defendants;

"Now, therefore, we command you, the Sheriff of the County of Westmoreland, to direct Frank A. Reese, a resident of the City of Monessen, Westmoreland County, Pennsylvania, and Pennsylvania Greyhound Lines, a corporation, having its office in the City of Pittsburgh, Allegheny County, to file an answer in the office of the Prothonotary of the Court of Common Pleas of Westmoreland County in the above-entitled action within thirty days after the service upon them of a copy of this petition and order, and of copies of the pleadings heretofore filed therein.

By the Court

Richard D. Laird, J.

Attest: John H. McKlveen, Pro."

This petition, together with a copy of the order, a copy of plaintiffs' statement of claim, copies of the affidavits of defense and answer filed on behalf of defendants, was served upon the Pennsylvania Greyhound Lines by the Sheriff of Allegheny County, deputized by the Sheriff of

Westmoreland County, Pa., to make the service, on January 26, 1940.

A motion to dismiss the Pennsylvania Greyhound Lines as an additional defendant was filed on February 12, 1940, which motion alleges as a reason for dismissal that:

"1. The said order of court was issued without a hearing on the aforementioned petition, neither plaintiffs nor their counsel of record having waived in writing the hearing to be held before the issuing of the scire facias in accordance with Rule 2252(d), Pennsylvania Rules of Civil Procedure."

The procedure in actions of this character is prescribed by the Rules of Civil Procedure adopted by the Supreme Court of Pennsylvania, nos. 2251 to 2275, inclusive, and effective September 4, 1939.

Rule 2252(a) provides that:

"After the defendant . . . has filed an answer in the manner and form required of a defendant in an action of assumpsit he may petition the court for leave to join as an additional defendant any person not a party to the action . . . who may be alone liable or . . . jointly or severally liable therefor with him."

Paragraph (b) of this rule requires that the petition so filed shall set forth in the same manner required of an initial pleading the facts relied upon to establish the liability of the additional defendant. In subsection (c) of the same rule the form is prescribed for the order of court quoted above.

Subsection (d) of the same rule requires that all parties of record in an action shall be served with a copy of the petition and, unless a hearing is waived by all parties, there shall be a hearing thereon and "each party shall be given at least ten days' notice of the time and place of such hearing."

Subsection (e) provides that the court shall grant such petition whenever the petition alleges facts which would establish the liability of the additional defendant and the

court deems that the joinder requested will not unreasonably prejudice the parties of record or the additional defendant.

Under Rule 2256 the additional defendant is given an opportunity to complain by motion to dismiss of any defects either in form or substance of the petition or order, which motion to dismiss must be filed within 20 days after service of the petition and order.

This same Rule 2256 under subsection (c) provides:

"(c) If the motion to dismiss is overruled, the additional defendant shall have twenty days from the date when the motion is overruled in which to file an answer."

Rule 2257 contains provisions relative to the framing and service of the answer filed on the part of the additional defendant, and requires that it shall be in substantially the same form as required for the pleading of a defendant in an action of assumpsit.

The Pennsylvania Greyhound Lines states in its motion to dismiss that the order in this case, quoted in full above, was issued without a hearing before the court. The record indicates that it has been served on both the additional defendants by the sheriff, together with a copy of all the pleadings including the petition. The record also indicates that plaintiffs in this case accepted service of the petition and order and copy of the pleadings.

In other words, all the parties concerned in this matter have received due and proper notice of the filing of the petition and of the order made by the court in connection therewith.

It is the contention of the additional defendants that a time must be fixed by the court for a hearing in the matter, since the hearing has not been waived, at which time the original defendants will be required to produce testimony to support the allegations contained in their petition, which testimony must establish prima facie that the additional defendant or defendants could be held liable alone to plaintiffs or in this case liable jointly with defendants to plaintiffs by the jury which subsequently tries the issue.

To state it differently, the order as heretofore made in this matter, while it definitely joins the Pennsylvania Greyhound Lines as an additional defendant, also requires it to file an answer in the action within 30 days after service, and this order also directs the sheriff to serve a copy of the petition and order, together with copies of all the pleadings in the case, upon the additional defendant.

This, of course, has been done and is for the purpose of giving the additional defendant an opportunity to object by means of a motion to dismiss, as the Pennsylvania Greyhound Lines has done in the motion now before the court, or to file an answer so that the matter might be set down for hearing.

It is the contention of the Pennsylvania Greyhound Lines that a hearing should first be held or waived by all parties of record before the order is made joining it as an additional defendant, and that to first join it as an additional defendant and then hold a hearing to determine whether or not it should remain on the record as an additional defendant or should be dismissed is an awkward, roundabout proceeding not intended by the committee that framed the rules. This may be, but the procedure outlined and followed as above stated is what the rules mean, as we understand them.

The only change which has been made by these rules from the former practice is that plaintiff is now given an opportunity to object to the joinder if he feels it will unnecessarily complicate the case or be detrimental to his position and the court is also permitted to refuse to allow the joinder, even though plaintiff does not object.

If the court held a hearing either before or after the entry of the order of joinder on the question of the propriety of the joinder of the additional defendant, this might necessitate actually trying the entire case in advance, which would be an endless duplication and a serious defect.

The whole purpose of these rules is to eliminate, if possible, the practice of joining defendants in actions where

it later develops at the trial that there is not and never was any opportunity or chance of holding them liable to plaintiff. The practice of issuing writs of scire facias has been particularly prevalent in actions of trespass to bring in additional defendants, which heretofore has been done merely by the filing of a præcipe with the prothonotary, when as a matter of fact the original defendant knew, or should have known, at the time that the proofs to be introduced would not support any allegation of sole liability or liability over.

To reiterate, the purpose of the former practice in most instances was to confuse the jury, hoping that something might develop at the trial which would permit the jury to bring in a verdict against both defendants and relieve the original defendant.

It is obvious that the Supreme Court by its rules intends to prohibit such practice and has determined by these Rules of Civil Procedure that the original defendant must satisfy the court "in limine" that it does have and will produce at the trial some evidence to support the allegation of liability on the part of the additional defendant.

Awkward or roundabout as it may seem, the procedure as outlined by the rules contemplates that the additional defendant shall first be made a party to the proceeding by the original order; that thereafter a hearing will be held before the court or a judge thereof and that an order will then be made directing either that the additional defendant remain as a party to the record or that the proceeding be dismissed and that the original parties proceed to trial.

In the instant case the second paragraph of the motion to dismiss relates to the allegations contained in defendants' petition pertaining to the liability of the additional defendant to plaintiffs. The second paragraph of the motion to dismiss reads as follows:

"2. Paragraph eight of defendants' petition for leave to add the additional defendants, to wit:

'Eighth: That said collision occurred immediately in front of and a few feet from the motor vehicle operated by Walter St. Clair, so that he was not able to stop the forward motion of said vehicle and the same collided with both the motor vehicle truck mentioned and the motor vehicle bus mentioned'
shows conclusively that this is not a case where joinder of an additional defendant should be permitted."

We cannot agree with this contention and consequently we feel that the motion must be overruled.

This is the kind of an objection contemplated by the Supreme Court in Rule 2256(a) and we are of opinion that the allegations contained in the petition are sufficient to warrant the joinder as additional defendants of Pennsylvania Greyhound Lines and Frank A. Reese.

The seventh paragraph of the petition to join the additional defendants reads as follows:

"Seventh: At the time and place aforesaid, the motor vehicle truck, the property of Frank A. Reese, and the motor vehicle passenger bus, the property of Pennsylvania Greyhound Lines, violently collided and stopped in such a manner that the entire traveled portion of the Lincoln Highway, as aforesaid, was blocked for cars moving in an Easterly direction."

In the twelfth paragraph of the petition there are particularly set out definite allegations of negligence on the part of both of the additional defendants, which are that the motor vehicles were not under proper and adequate control, were being operated at an excessive rate of speed under the circumstances, and were driven respectively over and across the center line of the road, so as to occasion the collision, which blocked the highway in front of the motor vehicle operated by the original defendant.

The petition avers that the collision occurred immediately in front of defendants' motor vehicle, which was being driven behind the Greyhound bus, so that he could not avoid the collision with the bus and with the truck and that consequently it was not the fault or negligence

of the original defendant which caused the minor plaintiff's injuries, but was caused by a sudden, negligent act, both of the bus driver and of the truck driver, which was the proximate cause of this accident.

Defendants' petition alleges that the additional defendants are either alone liable to plaintiffs or are jointly liable with defendant to plaintiffs and we are of opinion that the pleadings, including the petition, set out sufficient acts of negligence to warrant the court in joining Frank A. Reese and Pennsylvania Greyhound Lines as additional defendants, and that the determination of who is liable to the minor plaintiff for the injuries alleged to have been sustained by her is a question of fact for the jury.

The cases of Mansur v. Josephson et al., 333 Pa. 467, Keller et ux. v. Keystone Furniture Co., 132 Pa. Superior Ct. 547, and Mulheirn v. Brown et al., 322 Pa. 171, are cases in which the facts were very much similar to the facts in the case at bar, and it was held by the appellate courts that the facts were for the determination of the jury.

We are of opinion, therefore, that the motion to dismiss the Pennsylvania Greyhound Lines as an additional defendant should be refused and overruled and the order of January 16, 1940, joining the Pennsylvania Greyhound Lines and Frank A. Reese as additional defendants, should be permitted to stand.

We are further of opinion that, having heard the arguments of counsel for the parties hereto on two different occasions, it would be unnecessary to have any further or additional hearing in this matter and that the additional defendants Frank A. Reese and Pennsylvania Greyhound Lines should be directed to answer within 20 days from the date of our decree in this case as provided in subsection (c) of Rule 2256.

And now, to wit, May 3, 1940, after argument and after due and careful consideration, it is ordered, adjudged, and decreed, all judges concurring, that the mo-

tion filed in this case to dismiss the Pennsylvania Greyhound Lines as an additional defendant be and the same hereby is overruled; that the order made by this court on January 16, 1940, be and the same hereby is permitted to stand, and that the additional defendants Pennsylvania Greyhound Lines and Frank A. Reese be and they hereby are directed to file an answer within 20 days from the date of this decree as provided in subsection (c) of Rule 2256.